Hon. Vito J. Castellano, Maj. Gen. Chief of Staff Division of Military and Naval Affairs
This is in response to your letter of July 19, 1979, as to whether the chief executive of a county, pursuant to section 24 of the Executive Law may unilaterally declare a local state of emergency in a city, town or village within the territorial limits of the county without the prior concurrence of the chief executive of such city, town or village.
Section 24(1) of the Executive Law provides in effect that in the event of a disaster, rioting, catastrophe, or similar public emergency within the territorial limits of the county, or in the event of reasonable apprehension of immediate danger thereof, and upon a finding by the chief executive of the county that the public safety is imperiled thereby, such chief executive officer of the county may proclaim a local state of emergency within any part or all of the territorial limits of such county.
The question you present refers to a city, town or village located within the territorial limits of the county. In the proper situation the county chief executive may declare a local state of emergency in that part of the county coinciding with the territorial boundaries of such city, town or village. Where the county chief executive takes such action as head of the county government, no concurring action of the chief executive of the other governmental unit is provided for or necessary under the Executive Law. On the other hand, it is clear that under the same provision of the Executive Law, that the chief executive of the city, town or village may declare a local state of emergency in the respective city, town or village providing the statutory criteria are met, independent of any such declaration of the county chief executive affecting the same city, town or village.
You also ask under what circumstances may a chief executive of a county declare a state of emergency within a limited geographical area of the county. Section 24(1) of the Executive Law generally establishes a dual criteria to be met for a chief executive of a county to declare a state of emergency: (a) there must be a disaster, rioting, catastrophe or similar public emergency within the territorial limits of the county, or reasonable apprehension of immediate danger thereof and (b) a finding by the chief executive of the county that public safety is imperiled thereby. In the situation where the state of emergency is to be declared in regard to a limited geographical area of the county, then the criteria listed above should be satisfied in regard to such limited geographical area.